UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NORMAN W. BREEDLOVE | No. 10 CR 50078-5<br><br>Hon. Frederick J. Kapala |

**UNITED STATES' SUBMISSION REGARDING DEFENDANT'S MOTION TO SET ASIDE GUILTY PLEA AND SPEEDY TRIAL ACT CALCULATIONS**

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully files this submission regarding the question raised at the last hearing of how defendant NORMAN W. BREEDLOVE'S motion to set aside his guilty plea, if granted, would affect the calculations under the Speedy Trial Act, 18 U.S.C. § 3161. As explained below, the 70-day time period for commencing trial after a plea of not guilty, set forth in 18 U.S.C. § 3161(c)(1), will begin anew under either § 3161(e) or § 3161(i) if the Court grants the defendant's motion to set aside his guilty plea.

1.  During the last hearing in this case, the defendant expressed his desire to withdraw his previously-filed motion to withdraw his guilty plea and proceed instead with his motion to set aside the guilty plea. The government advised the Court that it had been unable to definitively determine prior to the hearing date what affect, if any, proceeding under defendant's motion to set aside his plea, rather than his motion to withdraw his plea, would have on the calculations under the Speedy Trial Act if the Court granted the defendant's motion. The Court granted

1

the government time to conduct additional research and file a submission regarding the Speedy Trial Act implications of the defendant's motion.

2. The government has not found any controlling authority resolving this issue within the Seventh Circuit. The First and Sixth Circuits, however, have considered a related question of how the Speedy Trial Act calculations operate when a guilty plea is set aside on appeal or collateral attack. *See United States v. Mack,* 669 F.2d 28 (1st Cir. 1982); *United States v. Bond,* 956 F.2d 628 (6th Cir. 1992). In both cases, the circuit courts determined that the provision governing calculation of the Speedy Trial Act after the guilty plea was set aside was § 3161(e).

3. Section 3161(e) provides, in relevant part, that "[if] the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. . . . The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." 18 U.S.C. § 3161(e).

4. Thecourts in *Mack* and *Bond* recognized that § 3161(e) did not squarely address the operation of the Speedy Trial Act following the setting aside of a guilty plea on appeal or collateral attack because, in such circumstances, there was no trial or declaration of a mistrial. *Mack,* 669 F.2d at 29-32; *Bond,* 956 F.2d at 630-32. The circuit courts, however, found that § 3161(e) was more on point that the provision in § 3161(i), which applies when a defendant enters a plea of guilty or nolo

2

contendere that is subsequently withdrawn as to any or all charges in the indictment. 18 U.S.C. § 3161(i).

5. As explained in *Mack,* the legislative history of § 3161(i) shows that this provision was included to address concerns expressed by the Department of Justice that, without such a provision, defendants could withdraw their guilty pleas after expiration of the time limits, leaving the government unable to proceed on the indictment or defendants could wait until the eve of the expiration of the time limits to withdraw their guilty pleas, leaving the government with little to no time to prepare for trial. *Mack,* 669 F.2d at 31-32. Section 3161(i) was included to prevent this type of gamesmanship by defendants. *See id.*

6. The circuit courts in *Mack* and *Bond* found that the gamesmanship that § 3161(i) sought to address was not at issue when a defendant's guilty plea is set aside on appeal or collateral attack. *See Mack,* 669 F.2d at 32; *Bond,* 956 F.2d at 630-31. The courts recognized that neither § 3161(e) nor § 3161(i) could be applied "without some distortion," *Mack,* 669 F.2d at 32, but ultimately determined that § 3161(e) better fits the situation where a defendant's guilty plea is set aside on appeal or collateral attack.

7. In the present case, it is the government's position that § 3161(i) better fits that facts and procedural posture of the case. The defendant has not been sentenced and no final judgment of conviction has been entered against him. He initially sought to withdraw his guilty plea and then later decided to proceed with a motion to set aside his guilty plea rather than move for it to be withdrawn.

3

Whatever the difference between the defendant's two requests, § 3161(i) provides that the day on which the order permitting withdrawal or setting aside the defendant's guilty plea becomes final is the day that the defendant shall be deemed indicted with respect to all charges in the indictment. 18 U.S.C. § 3161(i). This provision serves the ends of justice by ensuring that the government may still proceed on the indictment even though more than 70 days has passed since the defendant entered his guilty plea. Furthermore, it would thwart the purpose of § 3161(i) if, in a case like the present one, a defendant could manipulate the operation of the Speedy Trial Act deadlines simply by asking for the plea to be set aside rather than withdrawn. *Cf. Mack,* 669 F.2d at 31-32 (analyzing the legislative history of § 3161(i)).

8. If the Court finds that § 3161(i) does not apply here, however, *Mack* and *Bond* support the application of § 3161(e) to the present situation. Under § 3161(e), the government would have 70 days from the date that the Court's order setting aside the plea agreement becomes final. *See* 18 U.S.C. § 3161(e).

9. While in some cases the determination of whether § 3161(e) or § 3161(i) may have a practical impact on the calculation of the Speedy Trial Act deadlines, it does not appear that this case will present one of those situations. The defendant is present within the judicial district and the prosecution on all counts may resume promptly without need to transfer the defendant a great distance. Furthermore, proactively addressing the Speedy Trial Act implications of the

4

defendant's motion now should help avoid any pitfalls in determining when the 70-day period begins. *Compare Bond,* 956 F.2d at 631-32.

10. In sum, the government's position is that § 3161(i) is best suited to address the calculation of the Speedy Trial Act deadlines in the present case, but § 3161(e) also may be used to determine the calculations. Given the wording of the statute and the dearth of case law on this issue, the Court may want to consider making an alternative finding as to which of these subsections should apply. In either case, as applied to this case, the Speedy Trial Action provisions will result in the 70-day period set forth in § 3616(c)(1) beginning anew on all counts if the Court grants the defendant's motion to set aside the guilty plea. *Cf. Mack,* 669 F.2d at 29-32 (analyzing § 3161(e) and § 3161(i)); *Bond,* 956 F.2d at 630-32 (similar).

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

BY: */s/ Talia Bucci*
TALIA BUCCI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, Illinois 61101
(815)987-4444

5

## **CERTIFICATE OF SERVICE**

      I, TALIA BUCCI, hereby certify that, on June 28, 2016, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' SUBMISSION REGARDING DEFENDANT'S MOTION TO SET ASIDE GUILTY PLEA AND SPEEDY TRIAL ACT CALCULATIONS**

was served pursuant to the district court's ECF system as to ECF filers.

                                                                                                           _/s/ Talia Bucci_
                                                                                                           TALIA BUCCI
                                                                                                           Assistant United States Attorney
                                                                                                           327 South Church Street, Suite 3300
                                                                                                            Rockford, Illinois 61101
                                                                                                            (815) 987-4444